UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**DANIEL W.,**

    **Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 1:21-cv-27005
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Daniel W. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.**    **PROCEDURAL HISTORY**

On May 10, 2018, Plaintiff filed his application for benefits, alleging that he has been disabled since March 15, 2007. R. 63, 72, 235–40. The application was denied initially and upon reconsideration. R. 87–91, 95–97. Plaintiff sought a *de novo* hearing before an administrative

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

law judge. R. 99–101. Administrative Law Judge ("ALJ") Trina Moore held a hearing on June 17, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 42–62. In a decision dated June 30, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 10, 2018, the date on which Plaintiff's application was filed, through the date of that decision. R. 10–19. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 12, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 1, 2021, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[2] On that same day, the case was reassigned to the undersigned. ECF No. 9. The matter is ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this

---

[2] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

> Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting

*Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

4

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B.      Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the

impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.     ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 58 years old on the date on which he filed his application. R. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the ALJ's decision. R. 12.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depression, obsessive-compulsive disorder, post-traumatic stress disorder, pyromania, schizoaffective disorder, bipolar and depressive type, and chronic obstructive pulmonary disease. *Id*. The ALJ also found that Plaintiff's diagnosed chronic gastritis, syncope, cerebrovascular disease, hypertension, cholelithiasis, dyspepsia, mild intellectual disability, and degenerative joint disease of bilateral knees were not severe. R. 13.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 13–15.

At step four, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels work subject to various non-exertional limitations. R. 15–18. The ALJ also found that transferability of job skills was not an issue because Plaintiff had no past relevant work. R. 18.

At step five, the ALJ found that a significant number of jobs—*i.e.*, approximately 558,000 jobs as a hand packager; approximately 39,000 hobs as a bagger; and approximately 130,000 jobs as a janitor—existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 19. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 10, 2018, Plaintiff's

application date, through the date of the decision. *Id*.

Plaintiff disagrees with the ALJ's findings at steps two, three, four, and five and appears to ask that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 14; *Plaintiff's Reply to Sur-Reply*, ECF No. 18. [3] The Acting Commissioner takes the position that the decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 13; *Defendant's Sur-Reply in Opposition to Plaintiff's Reply Brief*, ECF No. 20.

IV.   **DISCUSSION**

Plaintiff presents a number of challenges to the ALJ's decision, including, *inter alia*, a challenge to the ALJ's step five determination. *Plaintiff's Brief*, ECF No. 12, pp. 26–27; *Plaintiff's Reply Brief*, ECF No. 14, pp. 16–18. Plaintiff argues, among other things, that the ALJ erred in relying on the testimony of the vocational expert at step five because that expert gave conflicting testimony and the ALJ did not explain why he accepted some portions of that expert testimony but not other portions. *Plaintiff's Brief*, ECF No. 12, pp. 25–28; *Plaintiff's Reply Brief*, ECF No. 14, pp. 16–17. This Court agrees.

At step five, an ALJ must decide whether the claimant, considering his RFC and vocational profile, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). Unlike at the first four steps of the sequential evaluation, it is

---

[3] The Court granted leave to the Acting Commissioner to file a sur-reply and granted leave to Plaintiff to file a response to the sur-reply. ECF Nos. 16, 19.

the Commissioner who bears the burden of proof at step five. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 205 (3d Cir. 2008) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005)). "'Advisory testimony from a vocational expert is often sought by the ALJ for that purpose [of determining whether other jobs exist in significant numbers in the national economy that the claimant could perform] . . . and factors to be considered include medical impairments, age, education, work experience and RFC.'" *Id.* at 205–06 (quoting *Rutherford*, 399 F.3d at 551). "Testimony of vocational experts in disability determination proceedings typically includes, and often centers upon, one or more hypothetical questions posed by the ALJ to the vocational expert." *Podedworny,* 745 F.2d at 218. "Usually, the ALJ will ask whether a hypothetical claimant with the same physical and mental impairments as the claimant can perform certain jobs that exist in the national economy." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014) (citing *Podedworny*, 745 F.2d at 218). "[T]he ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Rutherford*, 399 F.3d at 554. Credibly established limitations are limitations "that are medically supported and otherwise uncontroverted in the record." *Rutherford*, 399 F.3d at 554. A "vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the [ALJ's hypothetical] question accurately portrays the claimant's individual physical and mental" limitations. *Podedworny*, 745 F.2d at 218. Stated differently, "[a] hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).

In the case presently before the Court, the hypothetical question posed by the ALJ to the vocational expert assumed a claimant with Plaintiff's vocational profile and the RFC found by the ALJ, including, *inter alia*, that there be only occasional interaction with, *inter alios*, supervisors. R. 15, 56. The vocational expert initially testified that the jobs of hand packager, bagger, and janitor could be performed by such an individual. R. 57. However, on cross-examination by Plaintiff's counsel, the vocational expert testified as follows:

> Q All right. In the Judge's hypothetical she indicated that we're dealing with an *individual who can have only occasional interaction with supervisors*, other interactions as well. But just focusing on the occasional interactions with supervisors, I assume you mean that during the job while they were performing the job they would have no more than one-third of the day interaction with supervisors, is that what you mean?
>
> A Yes.
>
> Q If we were to (INAUDIBLE) the rest of the day they would have an issue with interaction with supervisors. *Two-thirds of the day they would not be capable of interacting with supervisors, could that interfere with the performance of any of the jobs indicated?*
>
> A *If they were not capable of interacting with supervisors two thirds of the day, it would.*
>
> Q *And would that effectively preclude the performance of any work activity.*
>
> A *Yes*.

R. 59–60 (emphasis added). The vocational expert's testimony in this regard is contradictory: the expert first testified that jobs were available to a hypothetical individual who could interact with supervisors one-third of the day, but then testified that a hypothetical individual who would be unable to interact with supervisors two-thirds of the day could not work. *Id.*; *see also McNeil on behalf of King v. Kijakazi*, No. CIV-20-905-HE, 2022 WL 866289, at *3 (W.D. Okla. Feb. 25, 2022) (finding vocational expert's testimony "inherently contradictory" where that expert testified that other work was available to an individual limited to occasional interaction with,

10

*inter alios*, supervisors, but "when Claimant's counsel posed the question in the inverse, where an individual was "frequently[] unable to interact with others," the VE testified, "that limitation would be work preclusive") (internal quotation marks omitted), *report and recommendation adopted*, No. CIV-20-0905-HE, 2022 WL 868518 (W.D. Okla. Mar. 22, 2022); *Zabukovec v. Comm'r of Soc. Sec.*, No. 1:18-CV-02234, 2019 WL 4694224, at *1 (N.D. Ohio Sept. 26, 2019) (finding vocational expert testimony "conflicting" where that expert testified that work would be available to a claimant limited to, *inter alia*, "occasional and superficial interaction" with others, but when "[c]ounsel directly asked the VE if an individual was unable to interact with coworkers and supervisors for two-thirds of a work day would such a person be able to maintain employment[,][] the VE replied, 'the answer is no'").

In her written decision in this case, the ALJ relied on the vocational expert's testimony in finding that Plaintiff could perform the jobs of hand packager, bagger, and janitor and was therefore not disabled. R. 19. However, the ALJ did not acknowledge the vocational expert's conflicting testimony regarding the vocational impact of restrictions in interacting with supervisors, nor did she resolve this conflict or explain why she accepted one portion of the expert's testimony but not the other. *Id.*; *see also McNeil*, 2022 WL 866289, at *4 ("[T]he ALJ failed to seek clarification from the VE about the distinction between Plaintiff's attorney's hypothetical and the ALJ's earlier hypothetical. The ALJ further failed to address this aspect of the VE's testimony at all in her decision."); *Zabukovec*, 2019 WL 4694224, at *2 ("The ALJ here was made aware of the conflicting [vocational expert] testimony but then did nothing to explain how the obvious conflict was resolved. Indeed, there is no record before me from which to determine if the issue here was just ignored."). Under these circumstances, the Court cannot conclude that substantial evidence supports the ALJ's decision. *See McNeil*, 2022 WL 866289, at

\*4 ("It is the Agency's burden at Step Five to show that there is work Claimant can perform under the RFC, and to support its decision by substantial evidence. . . . By relying on the VE's testimony, without addressing and resolving the inherent inconsistencies, the Commissioner's Step Five findings are not supported by substantial evidence.") (citations omitted); *Kilgore v. Kijakazi*, No. 1:20-CV-1613, 2021 WL 5759034, at \*8–9 (M.D. Pa. Dec. 3, 2021) ("This ambiguity and contradiction is unacknowledged and unaddressed in the ALJ's decision, which does not appear to recognize that contradictory nature of the Vocational Expert's testimony. . . . Simply put, more is needed here. It is axiomatic that the ALJ's decision must be accompanied by 'a clear and satisfactory explication of the basis on which it rests.'") (quoting *Cotter*, 642 F.2d at 704); *Zabukovec*, 2019 WL 4694224, at \*2 (finding that the ALJ's failure "to explain how the obvious conflict was resolved" "is no mere harmless error" because "[i]t is the Agency's burden at Step Five to show that there is work he can perform under the RFC, and to support its decision by substantial evidence capable of meaningful judicial review"). However, in reaching this conclusion, the Court in no way suggests that a restriction to only occasional interaction with supervisors is necessarily work preclusive; the Court emphasizes that the remand of this action is based on the ALJ's reliance on the vocational expert's testimony without explaining how she resolved the conflicts in that testimony.

  This Court therefore concludes that the decision of the Commissioner must be reversed and the matter must be remanded to the Commissioner for further consideration even if, upon further examination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at \*8 (D.N.J.

Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation.").[4]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  May 24, 2022                                           *s/Norah McCann King*
                                                          NORAH McCANN KING
                                                   UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the vocational expert's testimony at step five, the Court need not and does not consider those claims.